IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.: 5:13-cr-512-RDP-HGD** |
| ) | |
| **TRAVIS ROBERT HERRIGES** ) | |

## SENTENCING MEMORANDUM

Undersigned counsel respectfully requests this Court sentence Mr. Herriges to a sentence within the advisory guideline range, which is 60 months.[1] Mr. Herriges also requests that the sentence imposed in this case be given credit for time served pursuant to U.S.S.G. § 5G1.3. A sentence within the guideline range is appropriate in this case and will promote the factors outlined in 18 U.S.C. § 3553(a), where Mr. Herriges has resolved all issues surrounding his arrest in 2012, and has a guideline range and criminal history category calculation that is within the "heartland" of cases as contemplated by the United States Sentencing Commission. Neither the Government or the Defendant has filed any objections to the Presentence Investigation Report ("PSR") and the PSR correctly calculates Mr. Herriges' guideline sentence as defined in U.S.S.G. § 2K2.4(b) as 60 months.

Mr. Herriges is an intelligent, articulate, young man who has been in custody since April 16, 2012. Mr. Herriges was charged in state court with unlawful distribution of a controlled substance and unlawful possession or receipt of a controlled substance, as relevant conduct to the instant offense of conviction.[2] Absent the relevant conduct, Mr. Herriges would not be subject to the 60

---

[1] See PSR at ¶ 60. "[A] sentence above the minimum term required by 18 U.S.C. 924(c) is an upward departure from the guideline sentence."

[2] See PSR at ¶ 19. CC-12-723

month mandatory minimum in the instant offense, and was therefor subject to an increase in the guideline sentence recommendation.  Pursuant to U.S.S.G. § 5G1.3(b)(1) "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such a period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."  Mr. Herriges is requesting the 60 months sentence, as recommended in the PSR, but that he be given credit for time served since the date of his arrest towards said sentence of 60 months.

In *United States v. Alexander*, the District court recognized that an adjustment for 111 days spent in state custody after the defendant's original arrest would not be counted as a credit towards his Federal sentence and stated that "[t]he Commission's policy statement § 5G1.3(c) supported his request."  381 F.Supp.2d 884, 890 (E.D. Wis 2005).  The Eleventh Circuit has recognized that this adjustment is possible if timely raised.  *United States v. Moore*, 388 Fed.Appx. 918, 920 (11th Cir. 2010).  In *Moore*, the defendant argued that "the court should have adjusted his sentence under Count One to reflect the three years that he had already served under his state sentence."  *Id*.  The Eleventh Circuit recognized the provisions of U.S.S.G § 5G1.3, however, the Court found that this argument should have been raised at the time of sentencing and not be raised for the first time on appeal.  *Id*.  Mr. Herriges timely raises this issue and requests that he be sentenced to the statutory required 60 months term of imprisonment, with credit being given for time served on state sentences of relevant conduct.

When considering the history and characteristics of Mr. Herriges, and the nature of the offenses, a sentence within the guideline range is sufficient.  He is truly remorseful for the damage he has caused to his family, and has taken full advantage of every program available to him while

in custody.  He understands that the distribution of heroin not only hurts the purchasers, but also their families, friends, employers and the community as a whole.  Mr. Herriges submits that any incarceration that does not give him credit for the time served that will not be calculated by the BOP will effectively sentence him to a sentence above the guideline range and would be greater than necessary to meet the needs outlined by § 3553(a).  A sentence allowing him to receive credit for time served is a sentence within the advisory guideline range, reflects the seriousness of the offenses, is long enough to justly punish him, provides individual and general deterrence, provides him with an opportunity for rehabilitative treatment, and protects the community from future crimes -  all goals specifically set forth in 18 USC § 3553(a).

    A custodial sentence of 60 months, with credit for time served since the date of his arrest, (with supervised release to follow) is the appropriate sentence considering the nature and circumstances of this offense and the history and characteristics of Mr. Herriges. Such a sentence also will promote the factors outlined in 18 U.S.C. § 3553(a).

                                          Respectfully submitted,

                                          KEVIN L. BUTLER
                                          Federal Public Defender

                                          **/s/Michael T. Tewalt**
                                          Michael T. Tewalt
                                          Assistant Federal Public Defender
                                          Office of the Federal Public Defender, NDAL
                                          200 Clinton Avenue West, Suite 503
                                          Huntsville, Alabama 35801
                                          (256)684-8700 Office
                                          Michael_Tewalt@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

Respectfully submitted,

**/s/Michael T. Tewalt**